**B. Ray FIKE**

v.

**UNITED METHODIST CHILDREN'S HOME OF VA., INC.**

**Civ. A. No. 79–0923–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

July 7, 1980.

---

Stephen W. Bricker, Richmond, Va., for plaintiff.

Jack B. Russell, Richmond, Va., for defendant.

## MEMORANDUM

WARRINER, District Judge.

### I

On 21 November 1979 the plaintiff, a resident of Henrico County, Va., filed a complaint against the United Methodist Children's Home of Virginia, Inc. (UMCH), a Virginia corporation, alleging employment discrimination on the basis of religion.[1] In his complaint, plaintiff alleges that he was employed by UMCH as its executive director on or about 1 July 1974, and that UMCH dismissed him from his job on or about 30 November 1978. Plaintiff claims that he was

> dismissed from his position by the defendant because he was not a minister of the United Methodist Church and defendant's action was motivated by the specific intent to discriminate in hiring and retention of staff on the basis of the employees' and applicants' religious beliefs and practices.

For his first ground for recovery, plaintiff alleges that UMCH violated Title VII of the Civil Rights Act of 1964 in dismissing plaintiff from his employment.[2] *See* 42 U.S.C. § 2000e–2(a)(1). In support of his first claim, plaintiff alleges that (1) UMCH's principal business is the care and custody of children whose natural parents are unable or unavailable to care for them; (2) that the majority of children placed in the care and custody of UMCH are wards of the Commonwealth of Virginia; (3) that a substantial portion of UMCH's income is derived from various State and Federal agencies; and (4) that the employment practices of UMCH are substantially regulated by State and federal agencies.

For his second and third grounds for recovery, plaintiff alleges that UMCH breached certain obligations under contracts entered into with the Virginia State Department of Welfare and the U.S. Department

---

1. The plaintiff asserts federal jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e–5(f).

2. Plaintiff submits that he filed a timely charge of employment discrimination with the EEOC and that he received notice of his right to sue on or about 23 August 1979.

of Agriculture, in dismissing plaintiff from his employment. In support of his second and third claims, plaintiff asserts that UMCH entered into contracts with the Department of Welfare and the Department of Agriculture that contained provisions specifically prohibiting UMCH from discriminating on the basis of religion in the hiring, retention and promotion of employees. It is plaintiff's assertion that he and other employees of UMCH were intended to be third party beneficiaries of these contracts and he is therefore entitled to sue under them. For his fourth claim, plaintiff alleges that UMCH violated his rights under the establishment of religion and free exercise clauses of the First and Fourteenth Amendments to the U.S. Constitution.

On 11 January 1980 UMCH filed a motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted, Rule 12(b)(6), Fed.R.Civ.P., on the grounds that plaintiff's allegations do not constitute "religious discrimination."[3] The motion is before the Court and is ripe for determination.

## II

The gravamen of plaintiff's complaint is that his dismissal constituted employment discrimination on the basis of religion. The success of plaintiff's Title VII, contract and constitutional claims necessarily depends upon the existence of "religious discrimination." With this observation in mind, the Court will examine the merits of UMCH's motion to dismiss.

42 U.S.C. § 2000e–2(a) provides in pertinent part as follows:

It shall be unlawful employment practice for an employer—

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion, . . . .

42 U.S.C. § 2000e(j) defines religion as follows:

The term "religion" includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business.

The typical religious discrimination case involves the conflict between the employee's religious practices and the employer's work schedules, presenting to the court the issue of whether the employer is ". . . unable to reasonably accommodate to [the] employee's . . . religious observance or practice without undue hardship on the conduct of the employer's business." *See, e. g., Trans World Airlines, Inc. v. Hardison,* 432 U.S. 63, 97 S.Ct. 2264, 53 L.Ed.2d 113 (1977); *Schlei & Grossman,* Employment Discrimination Law 185–217 (1976). The plaintiff in this case, however, presents a different problem. The plaintiff, who is a Methodist layman, claims he was dismissed from his position as the Executive Director of UMCH, so that he could be replaced by an ordained Methodist minister. The issue before the Court is whether the alleged conduct of UMCH states a claim of "religious discrimination."

For plaintiff to prevail against UMCH he must prove that he was dismissed on the basis of his religion. 42 U.S.C. § 2000e–2(a). It is important to note, however, that plaintiff, the board members of UMCH, and the man hired to replace plaintiff are all

---

**3.** UMCH also moved the Court with respect to plaintiff's individual claims as follows: (1) to dismiss plaintiff's Title VII claim for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6), on the ground that 42 U.S.C. § 2000e–1 exempts UMCH from the provisions of Title VII of the Civil Rights Act of 1964; (2) to dismiss plaintiff's constitutional claim for failure to state a claim upon which relief can be granted or, in the alternative, that plaintiff be ordered to furnish a more definite statement of his claim, Fed.R.Civ.P. 12(e); and (3) to dismiss plaintiff's third party beneficiary claims on the ground that the Court lacks subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1), or, in the alternative, to dismiss plaintiff's third party beneficiary claims for failure to state a claim upon which relief can be granted.

members of the United Methodist Church. The discrimination here, if at all, is between gradations of membership in the United Methodist Church, i. e., between a lay member and an ordained minister. Plaintiff has not offered, and the Court is unaware of, any authority which would support a claim of religious discrimination in this case. Indeed, the facts alleged exclude religious discrimination as a cause for plaintiff's discomfiture.

The discrimination alleged by plaintiff is no more significant, from a religious standpoint, than discrimination against one with a master's degree in favor of one with a doctorate. Though a Methodist layman is, or may be assumed to be, a religious person, and a Methodist minister is, or may be assumed to be, a religious person, the difference between their respective status as layman or minister is not a religious difference. Hence, discrimination based on such difference in status is not discrimination based on religion.

The case might be entirely different if the plaintiff were a member of some religion other than Methodism. But that is not the case before the Court. Plaintiff's complaint lacks the essential element in a suit based on religious discrimination. Viewing the allegations in the light most favorable to the plaintiff, the Court concludes that the plaintiff cannot possibly succeed on a claim that he was dismissed on the basis of his religion. The Court having made this decision, the plaintiff's Title VII, contract and constitutional claims must fail.

Accordingly, plaintiff's complaint is DISMISSED with leave to amend.