## B. Ray FIKE

v.

## UNITED METHODIST CHILDREN'S HOME OF VIRGINIA, INC.

### Civ. A. No. 79–0923–R.

United States District Court, E. D. Virginia, Richmond Division.

May 5, 1981.

Supplemental Order June 16, 1981.

---

Stephen W. Bricker, Richmond, Va., for plaintiff.

Jack B. Russell, Richmond, Va., for defendant.

## ORDER

WARRINER, District Judge.

This action is now before the Court on remand from the Fourth Circuit. A brief statement of the procedural history of this case would be appropriate.

Plaintiff originally filed this action, pursuant to 42 U.S.C. § 2000e–5(f), claiming that he was dismissed from employment by the United Methodist Children's Home of Virginia, Inc. (UMCH) on account of his religion. Simply stated, plaintiff, who is a Methodist layman, claimed that he was dismissed from his position as the Executive Director of UMCH, so that he could be replaced by an ordained Methodist minister. In his complaint plaintiff alleged four grounds for recovery. His first claim was that he had been dismissed from employment on the basis of his religion in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e–2(a)1. As second and third grounds for recovery, plaintiff claimed that he was the third party beneficiary of two contracts entered into by UMCH with State and federal agencies. In dismissing plaintiff on the basis of his religion, plaintiff claimed that UMCH breached provisions of those contracts specifically prohibiting UMCH from discriminating on the basis of religion in the hiring, retention, and promotion of employees. His final claim for relief was that UMCH had violated his rights under the establishment of religion and free exercise clause of the First and Fourteenth Amendments.

By order entered 7 July 1980 the Court dismissed this action on the ground that "[p]laintiff's complaint lacks the essential element in a suit based on religious discrimination"—discrimination on the basis of one's religion. *Fike v. United Methodist Children's Home of Virginia, Inc.*, 493 F.Supp. 935, 938 (E.D.Va.1980). The Court concluded that:

> The discrimination here, if at all, is between gradations of membership in the United Methodist Church, *i. e.*, between a lay member and an ordained minister.
>
> . . . .
>
> The discrimination alleged by plaintiff is no more significant, from a religious standpoint, than discrimination against one with a master's degree in favor of one with a doctorate. Though a Methodist layman is, or may be assumed to be, a religious person, and a Methodist minister is, or may be assumed to be, a religious person, the difference between their respective status as layman or minister is not a religious difference. Here, discrimination based on such difference in status is not discrimination based on religion.

Id.

On appeal, the Fourth Circuit in an unpublished opinion reversed and remanded, stating:

> In his complaint, plaintiff alleged that the Home was engaged in "state action" because a majority of its children are wards of the state, a substantial portion of the Home's income derives from the government, and its employment and child care practices are regulated by the state and federal governments. A reasonable inference to be drawn from these allegations, as plaintiff argues, is that the Home is a secular institution. In light of the allegations and that inference, we conclude that the motion to dismiss, which presupposes the correctness of plaintiff's position, was improvidently

granted. We remand the case to the district court for at least a preliminary determination as to whether the Home is a secular or sectarian institution.

*Fike v. United Methodist Children's Home of Virginia, Inc.*, No. 80–1513, slip op. at 2 (4th Cir. 1 April 1981).

■ The Court recognizes that granting a motion to dismiss, in the words of the Fourth Circuit's opinion, Id. slip op. at 2, "presupposes the correctness of plaintiff's position" as to "state action." But with proper respect to the Fourth Circuit, the dismissal of this action in the trial court did not presuppose any inaccuracy in plaintiff's position on State action. On the basis of the complaint and without reference to "matters outside the pleading," Fed.R. Civ.P. 12(b), the Court accepted then and accepts now, for purposes of ruling on a motion to dismiss, plaintiff's allegations as to State action. Nonetheless, State action was irrelevant to this Court's dismissal of the action. If there were no discrimination on the basis of religion, it was the Court's opinion that plaintiff had failed to state a claim for which relief could be granted, notwithstanding State action. A review of the complaint and the briefs submitted by the parties would appear to bear out the appropriateness of this reasoning.

Plaintiff's claim of religious discrimination under Title VII clearly does not depend upon a showing of State action.[1] See 42 U.S.C. § 2000e–2(a)(1). The Court recognizes that State action might have become an issue if the Court had addressed defendant's claim that UMCH was a "religious corporation" exempt from the operation of Title VII. See 42 U.S.C. § 2000e–1. It was not necessary, however, for the Court to address that claim.

Plaintiff's two third-party beneficiary claims, whether asserted as direct federal claims or as pendent State claims, derive exclusively from contract provisions prohibiting UMCH from discriminating in employment practices on the basis of religion.[2] Absent discrimination on the basis of religion, there is no breach of contract and, therefore, no cause of action, regardless of State involvement.

■ Plaintiff's claim under the First Amendment is not quite so simple. There is no jurisdictional basis for this claim stated in the Complaint, but it is under this claim that State action arguably becomes relevant. See Complaint, ¶ 13. In his response to UMCH's motion to dismiss, however, plaintiff explicitly limited the significance of this claim:

> Should the Court find that the defendant is a religious organization which is exempted [sic] from the anti-discrimination provision of the Federal Civil Rights Statute, it is the position of the plaintiff that the defendant would be violating the Establishment Clause of the First and Fourteenth Amendments to the United States Constitution.[3]

Plaintiff's Responsive Brief, Part IV, at 22. See also Id. at 28. As previously stated, the Court did not need to address the religious exemption issue in its earlier decision. Religious exemption under Title VII would only be an issue if there were allegations supporting a claim of invidious religious discrimination. Therefore, based upon this reasoning and upon plaintiff's own assertion, the Court was not called upon to address the First Amendment claim and, thus, State action again was not an issue of any legal significance.

Even if the Court had felt called upon to address the First Amendment claim, the Court would have had, and continues to have, serious problems with plaintiff's standing to raise that claim. Plaintiff has

---

1. This Court assumes that even under the Fourth Circuit's mandate the Title VII claim is not revived since it never was dependent upon State action *vel non*.

2. Again State action *vel non* is wholly irrelevant to the third-party beneficiary claims and this Court assumes they are not revived on remand.

3. Arguably, plaintiff may intend by this statement to say that, if UMCH is determined to be exempt from Title VII, such exemption would be a violation of the Establishment Clause. This argument, of course, would not assist plaintiff because the Court has not made such a determination of exemption with respect to UMCH.

not attempted to show how his First Amendment rights have been violated by the conduct of UMCH. Indeed, in this regard plaintiff has only alleged that he has "a federal remedy [under 42 U.S.C. § 1983] to contest the religious discrimination engendered by the defendant's unconstitutional conduct." Plaintiff's Responsive Brief, Part IV, at 27. Thus, it is fairly apparent that arguments about establishment of religion and infringement of the free exercise thereof is either a sham claim inserted by plaintiff for dramatic effect only, or it was simply another basis for asserting his claim of "religious discrimination" on being replaced by an ordained minister. If the trial court correctly ruled that this was not religious discrimination, then the presence or absence of State action is, again, irrelevant.

In summary, it is still the firm opinion of the Court that State action is irrelevant with respect to plaintiff's first three claims for the reasons stated above. Accordingly, the Court believes that these claims should be dismissed for the reasons stated in the Court's earlier opinion. With respect to the fourth claim, which alone potentially involves State action, the Court has three views. First, based upon plaintiff's own assertion, this claim is unnecessary to the resolution of this case. Second, in any event, the Court does not believe plaintiff has standing to raise this claim. Finally, in consideration of argument in plaintiff's Brief, this claim is at best a convoluted Title VII claim for religious discrimination. If any one of these views is correct, State action is again not a legally relevant issue in this case and, therefore, the Court's earlier opinion may be, in essence, restated.

The Fourth Circuit has directed this Court to conduct an evidentiary hearing on the issue of State action. This the Court is bound to do. Based upon the Court's opinion as to the relevancy of the issue, such a hearing would seem to be futile, *i. e.* irrelevant.

The parties are DIRECTED to obtain an appropriate date from the Court for oral argument in order to advise the Court how to proceed on remand.

And it is so ORDERED.

### SUPPLEMENTAL ORDER

Since oral argument on 8 June 1981 with respect to the Court's order of 5 May,[1] three additional concerns have come to mind which the parties should consider and address in their forthcoming briefs.

First, if the United Methodist Children's Home of Virginia, Inc. (UMCH) is a secular institution, it would appear that the illegality is not the discrimination between a Methodist layman and a Methodist minister, but rather the illegality is religion being an employment consideration at all. Assuming the correctness of this proposition, if religion was a factor in plaintiff's employment as Director of UMCH, is he in a position to assert a claim against UMCH for dismissing him on the basis of his relative rank? To what relief is one entitled if he were initially illegally preferred because of his religion?

Second, the language in the second paragraph of the Fourth Circuit's per curiam opinion, *Fike v. United Methodist Children's Home of Va., Inc.* No. 80–1513, slip op. at 2 (4th Cir. 1 April 1981), seems to equate "state action" with the term "secular" institution and to equate religious institution with the term "sectarian" institution. While the latter equation is correct, the former is not. There can be "state action" in either a secular or sectarian institution. Is then the appropriate inquiry in this case whether UMCH is a secular or a sectarian institution, or simply whether there is State action present?

Finally, the Court is still in somewhat of a quandary as to the appropriate reading and effect of the Fourth Circuit's reversal and remand of this case "for at least a preliminary determination as to whether the Home is a secular or sectarian institution." *Fike,* supra, No. 80–1513, slip op. at 2. As the Court indicated in its order of 5 May, such a determination would seem to

---

1. See *Fike v. United Methodist Children's Home of Va., Inc.,* 514 F.Supp. 254 (E.D.Va. 1981).

be irrelevant to a decision of whether plaintiff was discriminated against on the basis of his religion. See *Fike v. United Methodist Children's Home of Va., Inc.*, 514 F.Supp. 254 (E.D.Va. 1981). Nevertheless, the only sensible reading of the Fourth Circuit's opinion is that the Fourth Circuit believed that a determination of the secular-sectarian issue might make a difference as to this Court's resolution of the discrimination issue.

The Fourth Circuit held that this Court improvidently granted the motion to dismiss, "which presupposes the correctness of plaintiff's position [as to State action]." *Fike,* supra, No. 80–1513, slip op. at 2. Of course, as this Court stated in its 5 May order, "the dismissal of this action in the trial court did not presuppose any inaccuracy in plaintiff's position on State action." *Fike,* supra, 514 F.Supp. at 256. Admittedly, the Court did not make this clear in its memorandum granting the motion to dismiss.[2] See *Fike v. United Methodist Children's Home of Va., Inc.*, 493 F.Supp. 935, 937–38 (E.D.Va.1980). Indeed, the Court stated in its memorandum:

> It is important to note, however, that plaintiff, *the Board Members of UMCH*, and the man hired to replace plaintiff are all members of the United Methodist Church.

Id. (emphasis added). The Court now believes that this statement was improvidently made because it might have given rise to the inference that this Court found that UMCH was a wholly religious institution for purposes of exemption from Title VII. The Court made no such determination and, quite frankly, was not concerned about such a determination at the time. See note 2 supra.

The Court can thus see how the Fourth Circuit could believe that the resolution of the secular-sectarian issue might make a difference in the Court's determination of the discrimination issue. To this end, the Court is bound to conduct an evidentiary

hearing. Nonetheless, there is no indication in the Fourth Circuit's opinion that, if this Court finds that UMCH is a secular institution, it necessarily follows that the dismissal of plaintiff in this case constitutes religious discrimination under Title VII or plaintiff's contract claims, or constitutes a violation of plaintiff's First Amendment rights.

As indicated at oral argument, the Court's views as to the appropriate formulation and resolution of the issues in this case on remand are not cut in stone. Nevertheless, the parties should address themselves to the Court's views in their forthcoming briefs.

And it is so ORDERED.

---

**2.** At the time of the entry of the Order, it seemed clear to me that the Court was deciding, based upon the arguments in the parties' briefs, that the facts alleged did not constitute discrimination on the basis of religion, irrespec-

tive of State action. See Defendant's Memorandum in Support of Motion to Dismiss, at 1–3; Plaintiff's Reply Brief, at 1–3; Defendant's Rebuttal Brief, at 1–3.